

NORTH AMERICA   SOUTH AMERICA   EUROPE   ASIA

800 Capitol St. Suite 2400
Houston, TX 77002-2925
+1 713-651-2600
+1 713-651-2700

ACCEPTED
15-25-00032-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
6/12/2025 2:53 PM
CHRISTOPHER A. PRINE
CLERK

WILLIAM LOGAN
Associate
+1 713 651 2766
WLogan@winston.com

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
6/12/2025 2:53:11 PM
CHRISTOPHER A. PRINE
Clerk

June 12, 2025

Mr. Christopher A. Prine
Clerk of the Court
Fifteenth Court of Appeals
P.O. Box 12852
Austin, TX 78711

**Re:**   *Nonparty Patients Nos. 1–11 v. State*       No. 15-25-00023-CV
        *In re State of Texas*                  No. 15-25-00031-CV
        *In re State of Texas*                  No. 15-25-00032-CV
        *Nonparty Patient Nos. 1–11 v. State*       No. 15-25-00039-CV

Dear Mr. Prine:

The Nonparty Patients submit this letter in response to the State's June 9, 2025 correspondence. In its submission, the State told the Court that, in light of the Texas Supreme Court's decision in *Paxton v. Annunciation House, Inc.*, — S.W.3d —, 2025 WL 1536224 (Tex. 2025), it would no longer press its sovereign immunity argument in the above-captioned appeal and mandamus proceedings. The Nonparty Patients will defer to the Court on what the appropriate next steps should be. However, they offer the following three remarks.

First, it is unclear how the high Court's decision in *Annunciation House* bears on any sovereign immunity analysis. That opinion does not mention the term sovereign immunity once. Nor does it help answer the principal questions raised in the briefs, e.g., whether sovereign immunity extends to parallel Rule 176.6(e) proceedings or whether an assertion of an evidentiary privilege equates to an affirmative cause of action. *See* Resp. Br. at 10–31. Perhaps *Annunciation House* offers worthy insights, but its import is not readily apparent from the Nonparty Patient's review.

Second, it is odd that the State has now withdrawn its sovereign immunity contention and cited a facially irrelevant case for doing so. The abrupt change is not only confusing, but it raises serious questions about the State's motives and tactics. To date, counsel for the Nonparty Patients have devoted hundreds of hours to researching, briefing, and arguing the baselessness of the State's contention in the trial courts and this Court. Significant travel and lodging costs for attorneys based in Houston, Chicago, and Washington, D.C. have been paid to litigate this issue. And, up until now, the State's position on sovereign immunity has been nothing short of aggressive: In the trial court, the State went so far as to file an interlocutory appeal *in the middle of the hearing*—before the



Court's written order could be entered.[1] *See* C.R. 402–03; R.R 56–57. In meet-and-confers, the State accused the Nonparty Patients of being unreasonable because, it insisted, its sovereign immunity argument was strong. Moreover, the State's opening brief claimed its position adhered to "black-letter law," relied on "two simple concepts," and should have been "an easy case" for the trial court. State's Br. at 1–2. The sudden about-face does not seem to be in good faith. And frankly, it leaves the Nonparty Patients with a sense that their time and efforts have largely been wasted (not to mention the judiciary's).

Finally, if the State does withdraw its sovereign immunity arguments, it appears the Court no longer has appellate jurisdiction over the interlocutory appeal in Cause No. 15-25-00023-CV. The Court's appellate jurisdiction over that case derives from Tex. Civ. Prac. & Rem. Code § 51.014(a), which authorizes an interlocutory appeal when a trial court denies the State's plea to the jurisdiction. The plea to the jurisdiction only raised a sovereign immunity argument. C.R. 345–46. It said nothing of standing. Thus, the secondary question raised in the interlocutory appeal—whether the Nonparty Patients may assert the rights of unrepresented patients—does not independently confer appellate jurisdiction.[2] So, it appears the Court should dismiss the interlocutory appeal for lack of appellate jurisdiction. Of course, because the State has raised these same standing arguments in two mandamus proceedings—Cause Nos. 15-25-00031-CV and 15-25-00032-CV—the Court is free to address those arguments there.

The Nonparty Patients thank the Court for its attention to these matters. They stand ready to provide any further briefing or clarification.

Sincerely,

*/s/ William Logan*
  William M. Logan
  Evan D. Lewis
  Olivia A. Wogon
  Winston & Strawn LLP
  800 Capitol Street, Suite 2400
  Houston, TX 77002
  Tel: (713) 651-2600

  Jervonne D. Newsome

---

[1] The written order is not a mere formality; it is a legal prerequisite to perfecting an interlocutory appeal. *See Archer v. Tunnell*, 2016 WL 519632, at *3 (Tex. App.—Dallas Feb. 9, 2016, no pet.) ("[A]n interlocutory appeal may be perfected only from a written order, not an oral ruling."). The Nonparty Patients did not challenge this procedural infirmity because they recognized that a premature notice of appeal could later be perfected. *See* Tex. R. App. P. 27.1 (a).

[2] In so stating, the Nonparty Patients do not abandon their position that they never raised a challenge on behalf of the unrepresented patients. They only opposed the production of documents that commingle the Nonparty Patients' information with those of unrepresented patients. *See* Resp. Br. at 31–32.


Thanh D. Nguyen
Jonathan Hung
Winston & Strawn LLP
2121 N. Pearl Street, 9th Floor
Dallas, TX 75201
Tel: (214) 453-6500

Hollie M. Albin
Winston & Strawn LLP
1901 L Street N.W.
Washington, D.C. 20036
Tel: (202) 282-5000

David Phillips
Winston & Strawn LLP
200 Park Avenue, 43rd Floor
New York, NY 10166
Tel: (212) 294–6700

cc:     Abigail E. Smith, *via e-service*
        Johnathan Stone, *via e-service*
        Rob Farquharson, *via e-service*
        David Shatto, *via e-service*

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lucy Fowler on behalf of William Logan
Bar No. 24106214
LFowler@winston.com
Envelope ID: 101952014
Filing Code Description: Letter
Filing Description: NONPARTY PATIENTS LETTER IN RESPONSE TO THE STATE'S CORRESPONDENCE
Status as of 6/12/2025 3:12 PM CST

Associated Case Party: NonParty Patient No. 1

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jonathan Hung | 24143033 | johung@winston.com | 6/12/2025 2:53:11 PM | SENT |
| Jervonne Newsome | | JNewsome@winston.com | 6/12/2025 2:53:11 PM | SENT |
| Thanh Nguyen | | TDNguyen@winston.com | 6/12/2025 2:53:11 PM | SENT |
| William Logan | | WLogan@winston.com | 6/12/2025 2:53:11 PM | SENT |
| Evan Lewis | | edlewis@winston.com | 6/12/2025 2:53:11 PM | SENT |
| Olivia Wogon | | owogon@winston.com | 6/12/2025 2:53:11 PM | SENT |

Associated Case Party: State of Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| David G. Shatto | | david.shatto@oag.texas.gov | 6/12/2025 2:53:11 PM | SENT |
| Rob Farquharson | | rob.farquharson@oag.texas.gov | 6/12/2025 2:53:11 PM | SENT |
| Abby Smith | | abby.smith@oag.texas.gov | 6/12/2025 2:53:11 PM | SENT |
| Johnathan Stone | | johnathan.stone@oag.texas.gov | 6/12/2025 2:53:11 PM | SENT |
| Ian Bergstrom | | Ian.Bergstrom@oag.texas.gov | 6/12/2025 2:53:11 PM | SENT |
| Amy Pletscher | | amy.pletscher@oag.texas.gov | 6/12/2025 2:53:11 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Cory Sutker | 24037569 | cory.sutker@cooperscully.com | 6/12/2025 2:53:11 PM | SENT |
| Avishay Moshenberg | 24083532 | avi.moshenberg@lmbusinesslaw.com | 6/12/2025 2:53:11 PM | SENT |
| Pauline Sisson | | pauline.sisson@oag.texas.gov | 6/12/2025 2:53:11 PM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lucy Fowler on behalf of William Logan
Bar No. 24106214
LFowler@winston.com
Envelope ID: 101952014
Filing Code Description: Letter
Filing Description: NONPARTY PATIENTS LETTER IN RESPONSE TO THE STATE'S CORRESPONDENCE
Status as of 6/12/2025 3:12 PM CST

Case Contacts

| Pauline Sisson | | pauline.sisson@oag.texas.gov | 6/12/2025 2:53:11 PM | SENT |
|---|---|---|---|---|
| Martin Cohick | 24134042 | martin.cohick@oag.texas.gov | 6/12/2025 2:53:11 PM | SENT |
| Jackie Cooper | | Jackie.Cooper@cooperscully.com | 6/12/2025 2:53:11 PM | SENT |
| Anika Holland | | AHolland@wilkie.com | 6/12/2025 2:53:11 PM | SENT |
| Emily Samuels | | emily.samuels@oag.texas.gov | 6/12/2025 2:53:11 PM | SENT |
| Nicholas Lawson | | Nick.Lawson@lmbusinesslaw.com | 6/12/2025 2:53:11 PM | SENT |
| Simona Agnolucci | | sagnolucci@willkie.com | 6/12/2025 2:53:11 PM | SENT |
| Barrington Dyer | | bdyer@willkie.com | 6/12/2025 2:53:11 PM | SENT |
| Houston Docketing | | ecf_houston@winston.com | 6/12/2025 2:53:11 PM | SENT |
| Jamie Vargo | | JVargo@winston.com | 6/12/2025 2:53:11 PM | SENT |
| Sarah McGrath | | smcgrath@winston.com | 6/12/2025 2:53:11 PM | SENT |
| Hollie Albin | | hmalbin@winston.com | 6/12/2025 2:53:11 PM | SENT |
| David Phillips | | dphillips@winston.com | 6/12/2025 2:53:11 PM | SENT |
| Jonathan Hung | | johung@winston.com | 6/12/2025 2:53:11 PM | SENT |
| Jennifer Hardy | | jhardy2@willkie.com | 6/12/2025 2:53:11 PM | SENT |
| Patrick Todd | | patrick.todd@oag.texas.gov | 6/12/2025 2:53:11 PM | SENT |
| Amy Patterson | | apatterson@co.collin.tx.us | 6/12/2025 2:53:11 PM | SENT |